IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUZANNA SLIGH,     Plaintiff, | : : : : : : : : | CIVIL ACTION NO. 1:14-CV-0264-WBH |
| v. | | |
| CITIMORTGAGE, INC.,     Defendant. | | |

**ORDER**

This matter is before the Court for consideration of Defendant's motion to dismiss, [Doc. 32], and Plaintiff's motion to amend, [Doc. 33]. Plaintiff filed this action in an effort to forestall the foreclosure of her home by Defendant. By way of background, Plaintiff obtained a mortgage loan from Defendant in 2004 with her home serving as security for the loan. Plaintiff raises the following allegations in her first amended complaint: she sought to modify her loan, and one of Defendant's employees told her to stop making payments until her loan had been modified so that she could save some money to make a down payment if she got a new loan. Plaintiff states that she made at least one loan payment even after someone told her to withhold payments, but it is not clear whether she made any further payments. Under the terms of the loan agreements, a portion of the payments that Plaintiff made to Defendant was placed in an escrow account which Defendant was to use to pay for Plaintiff's property taxes and homeowner's insurance policy. Defendant did not pay Plaintiff's insurance bill, and the insurance was cancelled. Defendant then denied Plaintiff's loan modification

because Plaintiff did not have insurance. Defendant also failed to pay Plaintiff's homeowners' association fees and began foreclosure proceedings.

Plaintiff sought to resolve these issues by securing an insurance policy but was unable to do so. She also sought to further negotiate with Defendant. At one point she sent what she claims is a qualified written request under the Real Estate Settlement and Procedures Act (RESPA). 12 U.S.C. § 2605. According to Plaintiff, Defendant never responded to this request.

Plaintiff raises three claims in her complaint. She first asserts that Defendant violated RESPA by requiring Plaintiff to escrow funds for her insurance bills and homeowners' association fees and then failing to make those payments. Plaintiff next claims that Defendant violated RESPA by failing to respond to her qualified written request. Finally, Plaintiff claims that Defendant breached the mortgage loan documents by failing to pay her insurance bills and homeowners' association fees.

In its motion to dismiss, Defendant claims that Plaintiff admits that she defaulted on her loan. Defendant bases its assertion on a statement in the complaint that Plaintiff "made her May 2011 mortgage payment in full," [Doc. 8 at 6], which Defendant apparently claims is an admission that Plaintiff did not make further payments. At the motion to dismiss stage, where this Court may not look beyond the four corners of the complaint, this Court cannot assume that Plaintiff stopped making payments based solely on the statement that she happened to make a payment for a certain month.

(Rev.8/8
2)

2

Moreover, if Plaintiff's claim that she was instructed by one of Defendant's agents to stop making payments while she attempted to obtain a loan modification is true, it could well be that Defendant would be estopped from claiming that Plaintiff had defaulted on her loan. As such, Plaintiff's breach and RESPA claims related to Defendant's purported failure to pay her insurance bill state a claim for relief sufficient to survive a motion to dismiss.

Plaintiff concedes that Defendant had no duty under the loan documents or RESPA to pay Plaintiff's homeowners' association fees, and those portions of Plaintiff's claim, to the extent that she still raises them, are dismissed.

With respect to Plaintiff's claim that Defendant violated RESPA by failing to respond to her qualified written request, Defendant argues that Plaintiff's letter is not a qualified written request under RESPA. Admittedly, Plaintiff's letter to Defendant amounted to little more than a shotgun request for copies of all of the information that the bank had regarding her mortgage account.

The relevant provision of RESPA states:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken with in such period.

12 U.S.C. § 2605(e)(1)(A). The servicer is required to take action in response to a qualified written request within sixty days of receiving the request. See 12 U.S.C.

§ 2605(e)(2). Under RESPA, a "servicer" is defined as "the person responsible for the servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2). "Servicing" is defined as:

> receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 10 [12 U.S.C.A. § 2609], and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.

12 U.S.C. § 2605(i)(3). Finally, a "qualified written request" is

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that —
>
> > (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> >
> > (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

In evaluating whether a materially identical, shotgun letter in <u>Sirote v. BBVA Compass Bank</u>, 857 F. Supp. 2d 1213, 1221 (N.D. Ala. 2010), aff'd, 462 Fed. Appx. 888 (11th Cir. 2012), was a qualified written request, the Northern District of Alabama concluded that the plaintiff's letter was not a qualified written request because his issue with the bank was that his name had been forged on the loan documents which did not relate to servicing of the loan. Here, Plaintiff's issue with the bank is that the bank did

not use escrowed funds to pay her insurance bill which, under the statute, is expressly related to servicing her loan. Because Plaintiff's letter enables Defendant "to identify the name and account of the borrower and . . . provides sufficient detail to the servicer regarding other information sought by the borrower," this Court must conclude that the letter is a qualified written request and that Plaintiff states a claim under RESPA sufficient to survive Defendant's motion to dismiss.

Additionally, in relation to Plaintiff's second RESPA claim, as Defendant points out and Plaintiff concedes, Plaintiff failed to allege that she suffered damages as a result of Defendant's purported failure to respond to her qualified written request. In her motion to amend the complaint, Plaintiff merely wants to add those damages that she claims to have suffered. While Defendant opposes the motion, this Court finds that permitting the amendment will not unfairly prejudice Defendant or otherwise cause significant delay in the ultimate resolution of this action. As a result, this Court concludes that it should permit Plaintiff to amend the complaint. This Court further concludes that, although Plaintiff's various assertions of damages may be weak, they are sufficient to survive a motion to dismiss.

As the parties have no doubt surmised by this point, this Court today is ruling almost entirely in Plaintiff's favor. This Court nonetheless has grave concerns about Plaintiff's case. During the height of the mortgage crisis, courts across the country were inundated with wholly frivolous lawsuits brought by borrowers who sought to

use the judiciary in an improper way to shield their homes from foreclosure. While these cases wound their way through court, the lenders generally held off on foreclosure, permitting the borrowers to live in houses rent free, sometimes for years, and judges spent countless hours merely to determine that many of these cases entirely lacked merit.

This case was originally filed in state court sometime in early 2014. The case was then generally inactive for over eighteen months while the parties attempted to work out a loan modification which they were not able to accomplish. As it appears that Defendant has not foreclosed on Plaintiff's home because of the pendency of this action, Plaintiff has been able to live in her home for free for almost two years.

As noted, the parties spent considerable time in the attempt to reach a settlement of this case, and the impression that this Court has is that if Plaintiff had a viable case against Defendant on any of the counts in her complaint, some form of settlement would have been reached. This Court may well be entirely wrong in its impression, but this Court wants Plaintiff and her counsel to understand that if she has no evidentiary support for her claims, they may become liable for payment of sanctions such as attorneys' fees.

As discussed, Defendant's motion to dismiss, [Doc. 32], is **GRANTED** in part with respect to Plaintiff's claim regarding her homeowners' association fees and otherwise **DENIED**. Plaintiff's motion to amend, [Doc. 33], is **GRANTED**. The

parties are **DIRECTED** to confer and submit a joint scheduling motion to set the time for remaining discovery and the filing of motions for summary judgment.

**IT IS SO ORDERED,** this 13th day of December, 2016.

_____
WILLIS B. HUNT, JR.
Judge, U. S. District Court